NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL CISNEROS,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>J. VANGILDER; J. VASQUEZ,<br><br>　　　　　Defendants-Appellees,<br><br>　and<br><br>J. CUSKE; K. OHLAND; D. MELTON; S. CUPP,<br><br>　　　　　Defendants. | No.　21-15363<br><br>D.C. No. 4:16-cv-00735-HSG<br><br>MEMORANDUM* |
| DANIEL CISNEROS,<br><br>　　　　　Plaintiff-Appellee,<br><br>　v.<br><br>J. VANGILDER; J. VASQUEZ,<br><br>　　　　　Defendants-Appellants,<br><br>　and | No.　21-15405<br><br>D.C. No. 4:16-cv-00735-HSG |

---

　　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

J. CUSKE; K. OHLAND; D. MELTON; S. CUPP,

          Defendants.

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted March 8, 2022
San Francisco, California

Before: WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

Plaintiff-Appellant Daniel Cisneros, a prisoner at Pelican Bay Prison, brought an action under 42 U.S.C. § 1983 and under state law against several correctional officers, including Defendants-Appellees Justin Vangilder and Juan Vasquez (Defendants). For purposes of trial, the district court consolidated Cisneros's case with that of Daniel Manriquez, another prisoner at Pelican Bay, who brought identical claims. The jury found that Vangilder was negligent and awarded the Plaintiffs $1,000 each in damages. The jury also found Vasquez negligent and that he violated the Eighth Amendment, and awarded the Plaintiffs an additional $1,500 each in damages. Manriquez and Cisneros appealed separately. *See Daniel Manriquez v. J. Vangilder, et al.,* No. 21-15403, 2022 WL 1184164 (9th Cir. Apr. 21, 2022). Cisneros appeals from the district court's order denying him attorneys' fees under California Code of Civil Procedure § 1021.5 and 42 U.S.C. § 1988.

After final judgment was entered in favor of Cisneros and Manriquez, their

respective counsel moved for attorneys' fees as prevailing parties under both federal and California law. The district court held that both plaintiffs were eligible for attorneys' fees under both California Code of Civil Procedure § 1021.5 and 42 U.S.C. § 1988. However, despite granting Manriquez $259,237.50 in attorneys' fees under § 1021.5, the court declined to award any fees to Cisneros. The court did not award any fees under § 1988 to either plaintiff.

Although Defendants received a favorable judgment, they protectively cross-appeal from the same order, arguing that the district court erred in ruling that Cisneros is eligible for attorneys' fees under § 1021.5 in the first place. We have jurisdiction under 28 U.S.C. § 1291. We review "a district court's decision to deny attorneys' fees for abuse of discretion." *Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 278 (9th Cir. 2018) (citation omitted). For the following reasons, we affirm in part (on the cross-appeal) and reverse in part and remand (on the appeal). Thus, we affirm the district court's conclusion that Cisneros is eligible for attorneys' fees under § 1021.5, but we reverse the district court's decision to deny attorneys' fees under both § 1021.5 and § 1988. We remand for the district court to determine the appropriate amount of fees to award.

**A.**

We first address the issue on cross-appeal and hold that the district court did not err in concluding Cisneros is eligible for attorneys' fees under § 1021.5.

Applying § 1021.5, the district court determined that the statutory standard is satisfied and held that "(a) a significant benefit . . . has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." Cal. Civ. Proc. Code § 1021.5. "We review the factual determinations underlying an award of attorneys' fees for clear error" and "the legal premises a district court uses to determine an award de novo." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147–48 (9th Cir. 2001) (citations omitted).

For the same reasons detailed in our decision in the related case, *Manriquez*, No. 21-15403, we conclude that the district court did not clearly err in its analysis for Cisneros. *See Manriquez*, 2022 WL 1184164 at *1. The district court did not clearly err in its determination that Cisneros's verdict has "larger implications" beyond his individual case. The district court explicitly considered the fact that indirect exposure to chemical agents is not uncommon among inmates and that Defendants' own witnesses testified at trial about the frequency with which chemical agents are used in prison facilities. Moreover, the district court highlighted that there are approximately 95,000 men and women incarcerated in California, including approximately 1,900 inmates in Pelican Bay, where Cisneros was in custody. The second part of § 1021.5 is also readily satisfied because Cisneros was awarded a total

4

of $2,500 while his counsel requested a total of $454,137.30 in attorneys' fees for over 1,200 hours of work. Had counsel not agreed to represent Cisneros pro bono, the value of the recovery for Cisneros's injury would not have justified the costs of litigating this case. For the same reason, we agree with the district court that the interests of justice require the fees to not be paid out of Cisneros's recovery.

We next turn to the issue on appeal and address whether the district court abused its discretion in ultimately denying Cisneros attorneys' fees under § 1021.5. At the outset, it appears that the district court denied attorneys' fees mainly because counsel for Cisneros, Reed Smith, represented Cisneros pro bono. In addition, the district court considered relevant that Reed Smith is a large law firm with over 1,500 lawyers in 32 offices, and that, given the size and reputation of the firm, the representation did not jeopardize the profitability of the firm. Indeed, the only difference between the case of Cisneros and Manriquez is that Reed Smith is a large firm representing Cisneros pro bono, while counsel for Manriquez is a small firm with fewer than 30 attorneys who represented him on contingency. Both Plaintiffs achieved the same result, received the same judgment and award, and there was no evidence that the quality of representation differed materially between the two plaintiffs. In fact, the district court explicitly stated that it "deeply appreciates Reed Smith's zealous advocacy and professionalism, and very much hopes counsel will continue to provide high-quality pro bono legal representation in future cases."

Under California law, counsel's pro bono status cannot be used to justify a reduction of fees under § 1021.5. *See Rogel v. Lynwood Redevelopment Agency*, 125 Cal. Rptr. 3d 267, 278 (Cal. Ct. App. 2011) ("We reject the proposition that a law firm's willingness to provide its services on a pro bono basis to low income clients justifies a diminishment in the fee award when that pro bono representation proves successful."). "The reason for such a rule is straightforward: public interest litigation should not have to rely on the charity of counsel." *Id.* at 277 (citation and internal quotation marks omitted). Based on the same reasoning, a firm's pro bono status on a case cannot be used to justify a complete denial of fees either.

To be sure, the district court acknowledged that "representing a party *pro bono* does not, on its own, preclude counsel from recouping attorneys' fees." In addition, the court emphasized in its subsequent order denying Cisneros's motion to vacate order denying attorneys' fees that it did not conclude that Reed Smith could not recover fees because it represented Cisneros on a pro bono basis. Rather, it "considered the totality of the circumstances 'to balance the interests of fairness and proportionality' in deciding whether and how to exercise its discretion to award attorneys' fees." Indeed, the district court stated that it considered "(1) the modest jury verdict and scale of the public benefit derived from this case; (2) the risk counsel took representing Plaintiff Cisneros in this action, including the risk to its work for existing clients, the development of new work, and the profitability of the large,

6

nationwide firm; and (3) counsel's performance throughout the litigation." Notwithstanding the fact that counsel's pro bono status should not have been a consideration at all in the district court's analysis, *see Rogel*, 125 Cal. Rptr. 3d at 278, the other factors subsequently articulated by the district court also do not warrant a denial of attorneys' fees. Again, the modest jury verdict compared to the attorneys' fees requested is the same for Manriquez and the district court was not able to articulate any material difference in the performance of Cisneros's counsel compared to Manriquez's counsel. There is also no support under California law for denying fees based on a law firm's profitability and size. *Cf. Serrano v. Priest*, 569 P.2d 1303, 1316–17 (Cal. 1977) (listing relevant factors for the determination of attorneys' fees). Moreover, the quality of representation and the ratio between the award and fees requested are factors that are more appropriate to consider for determining the amount of fees awarded, not the threshold issue of whether fees should be awarded at all. Indeed, the Defendants agree with Cisneros and concede that "counsel's pro bono status, firm size, and profitability are not circumstances that justify a wholesale denial of fees under section 1021.5." Thus, the district court was not able to provide any justifiable reason for denying Cisneros attorneys' fees while awarding fees to Manriquez.

Because the district court improperly denied Cisneros attorneys' fees based on his pro bono representation status and counsel's firm size and profitability, we

hold that the district court abused its discretion in denying attorneys' fees to Cisneros. Accordingly, we reverse and remand for the district court to determine the appropriate amount of attorneys' fees to award.

**B.**

42 U.S.C. § 1988(b) provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" for "any action or proceeding to enforce" an enumerated list of claims, including § 1983 claims. 42 U.S.C. § 1988(b). The Prison Litigation Reform Act (PLRA), however, limits the amount of attorneys' fees that may be awarded for actions brought by a prisoner and requires a portion of the judgment to be applied to satisfy the fee award. *See* 42 U.S.C. § 1997e(d) (limiting the total amount of attorneys' fees to 150% of the judgment and requiring up to 25% of the judgment to be applied to satisfy the fee award). The requirements of § 1997e(d) are mandatory, not discretionary. *See Murphy v. Smith*, 138 S. Ct. 784, 790 (2018) ("In cases governed by § 1997e(d), we hold that district courts must apply as much of the judgment as necessary, up to 25%, to satisfy an award of attorney's fees.").

Here, it is undisputed that Cisneros is eligible for attorneys' fees under § 1988 because he prevailed on his Eighth Amendment claim against Defendant Vasquez. Nevertheless, the district court "decline[d] to exercise its discretion to award any fees under § 1988" because the court "does not find that the interest of justice is

served by requiring Plaintiff Cisneros to pay any portion of the fees from his modest award." But requiring Cisneros to pay up to 25% of his award is simply a requirement under § 1997e(d) on how the fees should be enforced and not a valid reason for denying the award of fees altogether. We conclude that the district court abused its discretion in denying attorneys' fees solely on this basis. After all, "a court's discretion to deny fees under § 1988 is very narrow and . . . fee awards should be the rule rather than the exception." *Herrington v. County of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989) (citation and internal quotation marks omitted). Accordingly, the Supreme Court has stated that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citation and internal quotation marks omitted). Faithfully following the statutory requirements of the PLRA is not a "special circumstance" that makes an award unjust. Indeed, Defendants agree with Cisneros that the district court erred by denying those fees solely to obviate the PLRA's requirement, and both parties have requested us to reverse the district court on its denial of fees under § 1988. Thus, we reverse the district court's decision to deny attorneys' fees under § 1988, and we remand for further consideration of what fees to award under § 1988.

Costs are awarded to Cisneros. *See* Fed. R. App. P. 39(a)(4).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

9